IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

     Plaintiff,                            No. CIV S-07-2566 GEB EFB P

     vs.

J. THOMAS, et al.,

     Defendants.                  <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Defendants removed this action from state court based on federal question jurisdiction.

     On September 16, 2009, plaintiff filed a motion for leave to file a third amended complaint.  Dckt. Nos. 35, 36.  Defendants filed a statement of non-opposition to plaintiff's motion, but requested that the court screen the third amended complaint pursuant to 28 U.S.C. § 1915A and stay the time for filing a dispositive motion.  Dckt. Nos. 37, 38.  Finally, plaintiff filed a motion for substitution of a party after the death of defendant Murray.  Dckt. No. 33.

     Plaintiff's motion for leave to file a third amended complaint is granted.  Defendants' motion to screen the amended complaint and to stay the time for filing a dispositive motion is also granted.  The deadline for filing a dispositive motion is stayed pending the court's screening

1

of the third amended complaint.

Plaintiff's motion for substitution names as defendant Murray's successors in interest the Department of Corrections & Rehabilitations and the California Medical Facility. Rule 25(a)(1) of the Federal Rules of Civil Procedure governs the substitution of parties after death, providing for substitution where the claim is not extinguished by the death of the party. In *Robertson v. Wegmann*, 436 U.S. 584 (1978), the Supreme Court held that the law of the forum state is "the principle reference point in determining survival of civil rights actions" under section 1983. *Id.* at 590; *see also Moor v. Alameda County*, 411 U.S. 693, 703 n.14 (1973) (noting that pursuant to 42 U.S.C. § 1988, state survivorship statutes may allow the survival of actions brought under section 1983). Under California law, a cause of action against a person is not lost by reason of the person's death. Cal. Civ. Proc. Code § 377.20(a). Therefore, Murray's death did not extinguish the claim against him, and a motion for substitution is appropriate in this case.

However, Rule 25(a)(1) only provides for the substitution of a proper party. Courts have held that executors, administrators or distributees of distributed estates are proper parties for substitution of a deceased party. *See Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044, 2002 WL 32388132 at *2 (E.D. Cal. June 3 2002); *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999). The Department of Corrections & Rehabilitation and the California Medical Facility do not appear to be proper parties. The court will grant plaintiff ninety days from the date of this order to discover the identity of Murray's successor or the executor of his estate and file an amended motion for substitution. Discovery is hereby re-opened for the limited purpose of allowing plaintiff to seek this information.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's September 16, 2009 motion for leave to file a third amended complaint, Dckt. No. 35, is granted and the third amended complaint submitted on September 16, 2009, Dckt. No. 36, is ordered filed;

////

2. Defendants' December 17, 2009 motion to screen the third amended complaint, Dckt. No. 38, and to stay time to file dispositive motion is granted; and

3. Plaintiff's June 23, 2009, motion to substitute party, Dckt. 33, is denied without prejudice. Plaintiff is granted ninety days to file an amended motion to name a proper party to be substituted in place of defendant Murray.

Dated: February 9, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3