IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

      Plaintiff,                        No. CIV S-07-2566 GEB EFB P

     vs.

J. THOMAS, et al.,

      Defendants.               <u>ORDER</u>

          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants removed this action from state court based on federal question jurisdiction.

          On May 20, 2009, defendants filed with the court a "Statement Noting Defendant Murray's Death." Dckt. No. 30. On February 9, 2010, this court denied without prejudice plaintiff's motion to substitute a party in place of defendant Murray, because plaintiff had not named a proper party for substitution. Dckt. No. 41. The court noted that substitution of Murray's executor, administrator, or distributee(s) would be proper and reopened discovery for the limited purpose of allowing plaintiff to seek the identity of the proper party or parties. On March 24, 2010, plaintiff filed a "Motion to Amend to Name a Proper Party to Be Substituted in Place of Defendant Murray." Dckt. No. 43. In the motion, plaintiff asks to amend his complaint

1

to name Murray's widow, Iraida Murray, as a defendant in Murray's place.  Plaintiff has submitted documents showing that he submitted a request for the identity of Murray's administrator, executor, or distributees to prison officials, who forwarded the request to the Deputy Attorney General representing defendants in this action.  In response, the Deputy Attorney General sent plaintiff a copy of Murray's death certificate, which identifies Iraida Murray as his wife, but does not indicate who the executor, administrator, or distributee(s) of his estate are.  Plaintiff thereafter submitted two amended complaints naming Iraida Murray.  Dckt. Nos. 42 (styled "Fourth Amended Complaint," 35 pages long) & 48 (also styled "Fourth Amended Complaint," 27 pages long).  Defendants oppose plaintiff's motion, arguing that the proper procedure for substituting a party is not a motion to amend the complaint but rather a motion to substitute under Federal Rule of Civil Procedure 25(a) and that plaintiff has not complied with that rule because he did not serve his motion on Iraida Murray.  Defendants further argue that plaintiff's motion should be denied because plaintiff has not shown that Ms. Murray is a proper party (i.e., that she is the executor, administrator, or distributee of defendant Murray's estate) and that plaintiff's Fourth Amended Complaint is improper.

Construed as a motion to substitute a party, plaintiff's motion does not comply with Federal Rule of Civil Procedure 25(a) because it was not served on Iraida Murray.  *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (stating that a statement of the fact of death must be served on "nonparty successors or representatives of the deceased . . . in the same manner as required for service of the motion to substitute.")  While plaintiff has not shown that Ms. Murray is a proper party, defendants have failed to identify the proper party by serving their statement of the fact of Murray's death on that person as required by Rule 25(a)(1).  *Id.*  Moreover, plaintiff attempted to ascertain the identity of the proper party from defendants through discovery, as contemplated by the court's February 9, 2010 order.  Defendants failed to provide plaintiff with the requested information and instead merely forwarded to plaintiff a copy of Murray's death certificate naming Ms. Murray as his wife.  Accordingly, the court will not penalize plaintiff for

defendant's incomplete response.  As to plaintiff's amended complaints, Docket Numbers 42 and 48, these pleadings do not comply with Federal Rule of Civil Procedure 15(a) because plaintiff has not obtained defendants' agreement to the amendment or leave of the court to amend.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's March 24, 2010 "Motion to Amend to Name a Proper Party to Be Substituted in Place of Defendant Murray," Docket Number 43, is denied without prejudice. Plaintiff is granted ninety days to file an amended motion to substitute a party in compliance with Federal Rule of Civil Procedure 25(a) and to serve that motion on the proper party to be substituted in defendant Murray's place.  Discovery shall remain open for 75 days for the limited purpose of allowing plaintiff to discover the administrator, executor, or distributee(s) of defendant Murray's estate.  Should defendants fail to provide that information, plaintiff may make an appropriate motion to compel under Federal Rule of Civil Procedure 37.

2. Plaintiff's March 24, 2010 and April 22, 2010 amended complaints, Docket Numbers 42 and 48, are stricken and shall be disregarded.  If plaintiff wishes to seek leave to amend he shall do so in compliance with the Federal Rules of Civil Procedure.

Dated: May 4, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3