IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

      Plaintiff,                        No. CIV S-07-2566 GEB EFB P

     vs.

J. THOMAS, et al.,

      Defendants.            <u>ORDER</u>

                             /

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are plaintiff's motion to file a fourth amended complaint (Dckt. No. 52, pp. 1-2), plaintiff's motion to compel (Dckt. No. 53), and plaintiff's motion to substitute a proper party (Dckt. No. 52, pp. 3-4). Defendants have filed a statement of non-opposition to plaintiff's motion to amend, and accordingly plaintiff's motion to file a fourth amended complaint is granted. Defendants do oppose plaintiff's motions to compel and substitute, however. For the reasons that follow, the court finds that these motions must be denied.

     On May 20, 2009, defendants filed with the court a "Statement Noting Defendant Murray's Death." Dckt. No. 30. On February 9, 2010, this court denied without prejudice plaintiff's motion to substitute a party in place of defendant Murray, because plaintiff had not

1

named a proper party for substitution. Dckt. No. 41. The court noted that substitution of Murray's executor, administrator, or distributee(s) would be proper and reopened discovery for the limited purpose of allowing plaintiff to seek the identity of the proper party or parties. On March 24, 2010, plaintiff filed a "Motion to Amend to Name a Proper Party to Be Substituted in Place of Defendant Murray." Dckt. No. 43. In the motion, plaintiff asked to amend his complaint to name Murray's widow, Iraida Murray, as a defendant in Murray's place. Plaintiff submitted documents showing that he submitted a request for the identity of Murray's administrator, executor, or distributees to prison officials, who forwarded the request to the Deputy Attorney General representing defendants in this action. In response, the Deputy Attorney General sent plaintiff a copy of Murray's death certificate, which identified Iraida Murray as his wife, but did not indicate who the executor, administrator, or distributee(s) of his estate were. The court denied plaintiff's motion because, construed as a motion to substitute a party, it did not comply with Federal Rule of Civil Procedure 25(a) in that it was not served on Iraida Murray. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (stating that a statement of the fact of death must be served on "nonparty successors or representatives of the deceased . . . in the same manner as required for service of the motion to substitute."). The court noted that, while plaintiff had not shown that Ms. Murray is a proper party, defendants had failed to identify the proper party by serving their statement of the fact of Murray's death on that person as required by Rule 25(a)(1). *Id.* The court extended discovery for the limited purpose of allowing plaintiff to discover the administrator, executor, or distributee(s) of defendant Murray's estate so that he could file a proper motion for substitution under Rule 25(a).

    Plaintiff thereafter sought from defendants documents or records identifying the executor, administrator, or distributee(s) of defendant Murray's estate. Defendants objected to the requests as calling for a legal conclusion, but responded that "[a]fter making a diligent search and reasonable inquiry in an effort to locate the requested documents, Defendants are unable to comply with the request because the requested documents are not in the possession, custody, or

control of Defendants." Plaintiff then filed the instant motion to compel.

In response to the motion, defendants' counsel has submitted a declaration informing the court that counsel attempted by various means to discover the identity of the executor, administrator, or distributee(s) of defendant Murray's estate. Dckt. No. 55, Defs.' Opp'n to Pl.'s Mot. to Compel, Nygaard Decl. at ¶¶ 5-8. Defendants' counsel did learn from Murray's widow that defendant Murray died without a will and that no court cases had been opened to distribute any of his assets. *Id.*

Because there is no indication that the documents sought by plaintiff are indeed in the defendants' possession, custody, or control, or that defendants' discovery responses were otherwise in bad faith, the court cannot grant plaintiff's motion to compel defendants to produce such documents. *See* Fed. R. Civ. P. 34(a)(1) (providing for discovery of documents within a party's "possession, custody, or control").

Plaintiff has also filed a motion to substitute defendant Murray's "successor, executor or administrator of his estate" under Federal Rule of Civil Procedure 25(a). Plaintiff has failed to identify such a person or to have the motion served on that person as required by Rule 25(a)(3), presumably because plaintiff does not know identity of the proper party. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (stating that a statement of the fact of death must be served on "nonparty successors or representatives of the deceased . . . in the same manner as required for service of the motion to substitute."). Based on the information provided by defendants' counsel, it appears that Iraida Murray may be a proper party for substitution under Rule 25(a). *See* Cal. Probate Code §§ 6401 (surviving spouse is distributee of intestate decedent) & 8461 (surviving spouse has priority to appointment as administrator of intestate decedent's estate). Because plaintiff's motion was not served on Ms. Murray, the motion is denied without prejudice to plaintiff filing a new motion under Rule 25(a) that has been served on Ms. Murray, so that she may respond.

////

Accordingly, it hereby is ORDERED that:

1. Plaintiff's June 23, 2010 motion to file a fourth amended complaint (Dckt. No. 52, pp. 1-2) is granted;

2. Plaintiff's June 23, 2010 motion to compel discovery (Dckt. No. 53) is denied; and

3. Plaintiff's June 23, 2010 motion for substitution (Dckt. No. 52, pp. 3-4) is denied without prejudice to plaintiff filing a new motion under Federal Rule of Civil Procedure 25(a) that has been served on Iraida Murray.

Dated: January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4