IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

        Plaintiff,                      No. CIV S-07-2566 GEB EFB P

vs.

J. THOMAS, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff again seeks to amend his complaint, and has filed a proposed amended complaint. Dckt. No. 58. Defendants Thomas and Turner do not oppose amendment. Dckt. No. 60. (Defendant Murray has passed away, and plaintiff's attempts to substitute a party in his place have thus far been unsuccessful.).

        On January 13, 2011, this court granted plaintiff's prior request to file an amended complaint. Dckt. No. 58. The court accordingly accepts the amended complaint appended to Docket No. 58 as the currently operative pleading in this case and will refer to it as the Fourth Amended Complaint ("FAC").

        Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed the FAC and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants Thomas, Turner, and Murray.

For the reasons stated below, the FAC does not state a cognizable claim against defendants Masureat and Mehta. These claims will therefore be dismissed with leave to amend.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v.*

2

*Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the violation of plaintiff's federal rights or a causal connection between the defendant's wrongful conduct and the alleged violation of plaintiff's federal rights.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff claims that defendants Mehta and Masureat violated his rights under the Americans with Disabilities Act ("ADA") and the Eighth Amendment and committed actionable negligence under California law.  However, plaintiff's allegations against defendants Mehta and Masureat, even if taken as true, do not suffice to state claims against these defendants for the reasons that follow.

As to defendant Mehta, the FAC alleges only that he issued post-surgery orders that in some way prohibited the cell move that plaintiff alleges defendants Thomas, Turner, and Murray forced him to execute on the day following his surgery.  Dckt. No. 58, Attach. 1 (FAC) at 13.  As to defendant Masureat, the FAC alleges only that he made defendant Murray aware of plaintiff's post-surgery orders and attempted unsuccessfully to have the cell move canceled.  *Id.* at 14.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Title II applies to state prisons.  *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998).

> To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (internal quotation marks omitted); *see also Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010).

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate – including the deprivation of a serious medical need – violates the Eighth Amendment." *Conn v. City of Reno*, 572 F.3d 1047, 1054-55 (9th Cir. 2009). To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Id.* at 1055, quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Conn*, 572 F.3d at 1055. An officer has been deliberately indifferent if he was actually aware of the plaintiff's serious medical need and did not reasonably respond to the risk. *Id.* at 1056; *Farmer*, 511 U.S. at 828, 844-45.

In California, "to prevail in a negligence action, plaintiffs must show that defendants owed them a legal duty, that defendants breached that duty, and that the breach proximately caused their injuries." *Wiener v. Southcoast Childcare Centers, Inc.*, 32 Cal. 4th 1138, 1145 (2004).

Plaintiff's allegations against defendant Mehta do not state a claim under § 1983 for violation of the ADA or Eighth Amendment because plaintiff alleges no facts showing a causal connection between defendant Mehta's alleged conduct (issuance of orders prohibiting the allegedly unlawful cell move) and the alleged ADA and Eighth Amendment violations stemming from the cell move. Further, the facts alleged do not show that defendant Mehta acted with deliberate indifference. The facts alleged by plaintiff instead indicate that defendant Mehta simply issued post-surgery orders that allegedly should have prevented the cell move ordered and implemented by defendants Thomas, Turner, and Murray. Similarly, the facts alleged do not

4

state a claim for negligence under California law, because they do not reveal any causal connection between defendant Mehta's alleged conduct and plaintiff's alleged injury.

The FAC fails to state a viable claim for relief against defendant Masureat for similar reasons. The allegations reveal no causal connection between defendant Masureat's alleged conduct (attempting to stop the cell move from happening) and the alleged ADA and Eighth Amendment violations stemming from the cell move. These allegations also fail to show deliberate indifference by defendant Masureat to plaintiff's medical needs. The facts alleged instead indicate that defendant Masureat tried to prevent the allegedly unlawful cell move from occurring. Such facts also fail to state a claim for negligence under California law, because they do not reveal any causal connection between defendant Masureat's alleged conduct and plaintiff's alleged injury.

Plaintiff's claims against defendants Mehta and Masureat must therefore be dismissed.

Plaintiff has two options as to how to proceed. He may proceed forthwith with his claims against defendants Turner, Thomas, and Murray, who have already appeared in this action, or he may seek again to amend the complaint to attempt to state a cognizable claim against defendants Masureat and Mehta.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Masureat and Mehta, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants Thomas, Turner, and Murray, against whom he has stated a cognizable claim for relief, then within 30 days he must so inform the court by returning the attached form indicating his consent to dismissal of all claims against defendants Masureat and Mehta without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

5

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

6

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Thomas, Turner, and Murray.

Accordingly, the court hereby orders that:

1. Claims against defendants Masureat and Mehta are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

2. If plaintiff elects not to amend his complaint to attempt to state cognizable claims against defendants Masureat and Mehta, then within 30 days of service of this order, plaintiff shall return the attached form to the court indicating his consent to dismissal of all claims against defendants Masureat and Mehta without prejudice.

7

3. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Thomas, Turner, and Murray. *See* 28 U.S.C. § 1915A.

4. Defendants Thomas, Turner, and Murray shall respond to the FAC as provided in Federal Rule of Civil Procedure 12.

Dated: February 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

     Plaintiff,                           No. CIV S-07-2566 GEB EFB P

    vs.

J. THOMAS, et al.,

     Defendants.                    <u>NOTICE OF CONSENT TO DISMISSAL</u>

_____/

    In accordance with the court's order filed _____, plaintiff hereby consents to the dismissal of defendants Masureat and Mehta without prejudice.

Dated:

                                                                         _____

                                                                            Plaintiff