IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

      Plaintiff,                    No. CIV S-07-2566 GEB EFB P

    vs.

J. THOMAS, et al.,

      Defendants.            <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He once again seeks to amend his complaint, and proposes a Sixth Amended Complaint. Dckt. No. 74. Defendants Thomas and Turner do not oppose amendment. Dckt. No. 60. Also before the court are plaintiff's motions regarding service upon Iraida Murray, the apparent successor to deceased defendant Murray. Dckt. Nos 62, 72.

**I.    Procedural Background**

      Plaintiff originally filed this civil rights action in California state court. The case was removed to this court by defendants on November 30, 2007. Dckt. No. 2. Plaintiff filed the first amended complaint on January 3, 2008. Dckt. No. 13. The court found that plaintiff had stated cognizable claims against defendants Turner, Thomas, and Murray and ordered service upon those defendants. Dckt. No. 16. A second amended complaint followed on June 5, 2008. Dckt.

1

No. 20.

Defendants filed a notice of defendant Murray's death on June 23, 2009. Dckt. No. 30. A succession of amended complaints and attempts to substitute a successor for defendant Murray followed. Dckt. Nos. 36, 43, 52, 58, 62, 67. On January 13, 2011, the court issued an order noting that defendant Murray's widow, Iraida Murray, may be a proper party for substitution under Federal Rule of Civil Procedure 25(a) and informed plaintiff that he should file a new Rule 25 motion and serve it on Iraida Murray. Plaintiff has now filed another Rule 25 motion. Dckt. No. 62. He has also filed a motion requesting that the court order service by the U.S. Marshal of summons and the complaint on Iraida Murray.

The court most recently screened plaintiff's Fourth Amended Complaint, in which he named defendants Turner, Thomas, and Murray along with Masureat and Mehta. Dckt. No. 61. The court concluded that plaintiff had stated cognizable claims against defendants Turner, Thomas, and Murray, but not Masureat or Mehta, and granted plaintiff leave to amend to attempt to state cognizable claims against Masureat and Mehta. *Id.* Plaintiff then filed a Fifth Amended Complaint on February 25, 2011, and defendants Turner and Thomas filed a motion asking the court to screen it. Dckt. Nos. 67, 68. Before any screening occurred, plaintiff filed a Sixth Amended Complaint on March 9, 2011. Dckt. No. 74. Defendants Turner and Thomas do not oppose the amendment. Dckt. No. 76.

**II.     Motion to Amend and Screening**

Plaintiff seeks to amend the fifth amended complaint to correct "five unintelligible paragraphs." Dckt. No. 73 at 1. As the amendment is minor and unopposed, it is granted.

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed the Sixth Amended Complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants Thomas, Turner, Murray, and Mehta, and the court will provide plaintiff with service documents for defendant Mehta to return to the court for service by the U.S. Marshal.

### III.  Substitution and Service on Iraida Murray

In an attempt to comply with the court's order of January 13, 2011, plaintiff has again filed a motion to substitute Iraida Murray for defendant Murray. Dckt. No. 62. However, plaintiff concedes that he failed to serve the motion on Iraida Murray, as Rule 25(a)(3) requires. Dckt. No. 72. Plaintiff now requests that the court direct the U.S. Marshal to serve summons and the complaint upon Iraida Murray. *Id.* Defendants do not oppose service of plaintiff's Rule 25 motion (Docket No. 62) by the U.S. Marshal upon Ms. Murray, but oppose service of the summons and complaint. Dckt. No. 76.

As it has not yet been determined that Iraida Murray is a proper party for substitution, the court agrees with defendants that service of summons upon her would not be appropriate at this time. In light of plaintiff's in forma pauperis status, the court directs the U.S. Marshal to serve Ms. Murray with plaintiff's Rule 25 motion so that she may respond.

### IV.  Order

Accordingly, the court hereby orders that:

1. Plaintiff's March 9, 2011 motion for leave to file a Sixth Amended Complaint (Docket No. 73) is granted, and the Sixth Amended Complaint filed on that date (Docket No. 74) is deemed the currently-operative pleading.

2. Defendant's February 25, 2011 motion for screening of the Fifth Amended Complaint (Docket No. 68) is denied as moot.

3. The allegations in the Sixth Amended Complaint are sufficient at least to state cognizable claims against defendants Thomas, Turner, Murray, and Mehta. *See* 28 U.S.C.

3

§ 1915A.

  4. Service of the Sixth Amended Complaint is appropriate for defendant Mehta.

    a. The Clerk of the Court shall send plaintiff 1 USM-285 form, one summons, an instruction sheet and one copy of the March 9, 2011 Sixth Amended Complaint.

    b. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and 2 copies of the endorsed March 9, 2011 Sixth Amended Complaint.

    c. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendant Mehta pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order will result in a recommendation that plaintiff's claims against defendant Mehta be dismissed.

  5. Defendants Thomas, Turner, Murray, and Mehta shall respond to the Sixth Amended Complaint as provided in Federal Rule of Civil Procedure 12.

  6. Plaintiff's March 9, 2011 motion for leave to provide proper service (Docket No. 72) is granted.

  7. Service of plaintiff's motion for substitution (Docket No. 62) is appropriate for Iraida Murray.

    a. The Clerk of the Court shall send plaintiff 1 USM-285 form, an instruction sheet, and one copy of the February 2, 2011 motion for substitution (Docket No. 62).

    b. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed USM-285 form and 2 copies of the endorsed February 2, 2011 motion for substitution.

////

////

////

////

1          c. Upon receipt of the necessary materials, the court will direct the U.S. Marshal
2  to serve Iraida Murray with the motion for substitution pursuant to Federal Rule of Civil
3  Procedure 4 without prepayment of costs. Failure to comply with this order will result in a
4  recommendation that plaintiff's motion for substitution be denied.
5  Dated: June 6, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

    Plaintiff,                    No. CIV S-07-2566 GEB EFB P

    vs.

J. THOMAS, et al.,

    Defendants.                <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__    completed summons form

        __2__    completed forms USM-285

        __2__    copies of the March 9, 2011 Sixth Amended Complaint

        __2__    copies of the February 2, 2011 motion for substitution (Docket No. 62).

Dated:

                                          Plaintiff